UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

James Stile

   v.                                       Civil No. 13-cv-071-PB

Bruce Pelkie, Superintendent,
Strafford County House of Corrections,
and David L. Cargill, Jr., United States Marshal
for the District of New Hampshire[1]


**REPORT AND RECOMMENDATION**

Before the court for a preliminary review is pro se petitioner James Stile's petition for writ of habeas corpus (doc. no. 1) filed pursuant to 28 U.S.C. § 2241. The matter is before the court to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions filed under § 2241).

---

[1]Stile has named both the Strafford County Department of Corrections and the United States Marshals Service as the respondents in this action. The proper respondent is Stile's current custodian. See 28 U.S.C. § 2243 (writ shall be directed to petitioner's custodian). The court has substituted the Strafford County House of Corrections superintendent and the United States Marshal for the District of New Hampshire for those respondents named by Stile, and directs the clerk's office to correct the docket accordingly.

**Background**

Stile is a federal criminal defendant in the custody of the United States Marshals Service ("USMS") in pretrial detention at the Strafford County House of Corrections ("SCHC") in Dover, New Hampshire, awaiting further proceedings in a criminal case in the District of Maine, United States v. Stile, No. 1:11-cr-00185-JAW (D. Me.). The claims asserted in Stile's § 2241 petition arise from incidents that have occurred since January 15, 2013, the date USMS personnel transferred Stile to the SCHC from the Cumberland County Jail ("CCJ") in Portland, Maine.

I.  CCJ Background

Stile asserts that in November 2012, while he was a federal detainee at the CCJ, CCJ officers retaliated against him for filing a federal court action challenging the conditions of his confinement at the CCJ. See Stile v. Cumberland Cnty. Jail, No. 2:12-cv-260-JAW (D. Me.) ("Stile v. CCJ"). Stile alleges that he was subjected to retaliatory disciplinary write-ups and that CCJ officers assaulted him in November 2012. While Stile admits to having a record of disciplinary violations at the CCJ, he alleges that he was not guilty of the violations charged in November 2012. Stile further alleges that CCJ officers denied him the opportunity to attend the disciplinary hearing for the November 2012 disciplinary charges, at which he was found

2

guilty. CCJ officials imposed a sanction of 92 days of disciplinary segregation, then added an additional 150 days of disciplinary segregation, Stile alleges, in retaliation for his prison conditions lawsuit, Stile v. CCJ. Stile filed administrative appeals of the guilty findings and sentences to CCJ supervisory officials, but those appeals were unsuccessful.

In Stile v. CCJ, Stile filed motions raising claims about the conditions of his confinement at the CCJ, the November 2012 assaults by CCJ guards, and the alleged retaliatory actions of unspecified CCJ personnel. The court in that case ultimately dismissed Stile v. CCJ in its entirety in May 2013, without specifically addressing the merits of any claims Stile asserted. See id. (D. Me. May 6, 2013) (granting motion to dismiss).

II. SCHC Conditions

Stile filed the instant § 2241 petition shortly after his transfer to the SCHC in January 2013. Stile alleges in the petition that when the USMS transferred him to the SCHC, he was immediately placed in maximum security/disciplinary segregation, and that no hearing regarding his classification or housing placement occurred at the SCHC. Stile further asserts that he grieved the restrictive conditions to the SCHC superintendent, and that the superintendent responded that the USMS had directed the SCHC to impose such restrictions upon Stile. Stile asserts

3

that the restrictions at the SCHC have included deprivations of visitation, telephone access, newspapers, and other "amenities afforded to general population" inmates at the SCHC, and that he has not engaged in behavior at the SCHC warranting such restrictions.

III. Claims

Stile asserts the following claims in his petition[2]:

    1. Respondents violated Stile's First and Fourteenth Amendment rights by housing him at the SCHC in punitive and restrictive conditions, and by depriving him of newspapers, access to a telephone, and visits, without any legitimate penological purpose.

    2. Respondents violated Stile's Fifth and/or Fourteenth Amendment right to procedural due process by failing to provide Stile with a hearing and other procedural protections in connection with confining him in segregation in maximum security housing at the SCHC.

    3. Respondents failed to comply with state administrative rules applicable to the New Hampshire Department of Corrections ("NHDOC"), with respect to Stile's restrictive confinement and classification.

Stile seeks an order directing that he be transferred to the general inmate population at the SCHC, and further directing that the USMS cease imposing maximum security restrictions upon him at the SCHC and elsewhere, "unless [his] behavioral issues" so warrant, and he receives adequate procedural protections.

---

[2]This court construes Stile's § 2241 petition as intending to assert claims against the USMS and SCHC based on events occurring at the SCHC, and considers the information in the petition regarding CCJ as background for the instant claims.

4

**Discussion**

I.  § 2241 Petition

This court has authority, pursuant to 28 U.S.C. § 2241(c), to issue a writ of habeas corpus as to a prisoner whose custody within the district violates his federal rights.  A federal pretrial detainee may use a § 2241 petition to challenge restrictive pretrial confinement conditions and to obtain an order releasing the detainee into the general inmate population. See United States v. Basciano, 369 F. Supp. 2d 344, 348 (E.D.N.Y. 2005); United States v. Catalan-Roman, 329 F. Supp. 2d 240, 251 (D.P.R. 2004).  But cf. Kane v. Winn, 319 F. Supp. 2d 162, 215 (D. Mass. 2004) ("with the exception of extreme cases where transfer or release might be a necessary remedy, most challenges to the constitutional adequacy of medical care should proceed as civil rights claims . . . , or as an ordinary civil action under federal law" (citing 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971)). Although there is no controlling case directly on point, this court is persuaded by Basciano, 369 F. Supp. 2d at 348, and Catalan-Roman, 329 F. Supp. 2d at 251, that it may adjudicate Stile's claims in the context of a § 2241 petition.  The court further notes that allowing a federal pretrial detainee like Stile to challenge the conditions of his confinement through a

5

§ 2241 petition is consistent with cases allowing inmates at federal prisons to use § 2241 petitions to challenge the conditions of their confinement.  See, e.g., Connor v. United States, 19 F.3d 7, 1994 WL 47148, *1 (1st Cir. 1994) (unpublished table decision); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977).

II.  Conditions of Confinement (Claim 1)

Stile asserts that the restrictive conditions of his pretrial confinement, including isolation, and denial of visitation, telephone access, and newspapers, violated his federal constitutional rights.  The First Amendment rights of pretrial detainees to receive visitors and read newspapers are not completely extinguished by the fact of their court-ordered detention, although their confinement necessarily limits their ability to exercise such rights.  Restrictions impinging upon a detainee's federal constitutional rights must be upheld if they are "'reasonably related to legitimate penological interests.'"  See Florence v. Bd. of Chosen Freeholders, 132 S. Ct. 1510, 1515 (2012) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

> [E]ven if a restriction or condition may be viewed as having a punitive effect on the pretrial detainee, it is nonetheless constitutional if it also furthers some legitimate governmental objective such as addressing a specific institutional violation and is not excessive in light of the seriousness of the violation.  Among the legitimate objectives recognized by the Supreme

6

>      Court are ensuring a detainee's presence at trial and
>      maintaining safety, internal order, and security
>      within the institution.

Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 318 (1st Cir. 1995) (emphasis in original, citations omitted).

The allegations in the petition suggest that Stile's restrictive confinement in January 2013 while at the SCHC may have been connected to his history of disciplinary violations while in federal custody at the CCJ.  This court must defer to the judgment of prison officials in deciding what restrictions should be employed to achieve legitimate penological objectives.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

This court cannot conclude from the facts alleged in the petition, however, that the restrictions at issue are reasonably related either to the risk of misbehavior evidenced by Stile's history of disciplinary violations, or to any other legitimate objective.  Accordingly, in an order this date, this court has directed Stile to amend the petition to show whether he has remained subject to restrictive conditions of confinement at the SCHC, whether he has had any opportunity to challenge the imposition of such conditions at the SCHC or his classification, and the results, if any, of respondents' review of his confinement conditions and/or classification at the SCHC.

III. <u>Procedural Due Process (Claim 2)</u>

Stile asserts in Claim 2 that, because he did not receive an opportunity to attend a hearing or present witnesses or evidence in the disciplinary proceedings at CCJ, and because he has been placed in restrictive conditions of confinement at the SCHC without a hearing, he has suffered a deprivation of procedural due process. Stile has failed to allege facts, however, showing that his current custodians, or their agents, are properly held responsible for any alleged due process violation occurring in the CCJ prior to Stile's transfer to the SCHC.[3]

As to Stile's claim of a deprivation of procedural due process with respect to continuing restrictions on his liberty at the SCHC, Stile filed his petition in January 2013, less than one month after he was placed in maximum security at the SCHC. The court cannot reasonably infer from the facts alleged in the petition that the restrictions on Stile's liberty persisted for any substantial period of time without review by respondents thereafter. Therefore, this court cannot conclude at this time that Stile's maximum security placement at the SCHC, although imposed without a hearing, states a plausible claim of a due

---

[3] This court expresses no opinion as to whether Stile may state a plausible procedural due process claim against the CCJ or its agents arising out of the facts alleged in the petition.

process violation. See Jones v. Brown, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003) ("segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process"); see also Davis v. Schroeder, 464 F. App'x 549, 550 (7th Cir. 2012) (pretrial detainee classified as warranting maximum security, based on prior conviction and past behavior, was not entitled to hearing prior to placement in maximum security segregation, which jail officials reviewed after 30 days); cf. Suprenant v. Rivas, 424 F.3d 5, 14 (1st Cir. 2005) (immediate segregation of "rebellious" pretrial detainee pending disciplinary hearing, which furthers legitimate objective of ensuring security and order, does not violate due process). But cf. Iqbal v. Hasty, 490 F.3d 143, 164 (2d Cir. 2007) (plaintiff subjected to 500-day period of isolation and segregation stated plausible due process claim with respect to government's failure to provide notice and opportunity to rebut reasons for segregation), rev'd and remanded on other grds. sub nom. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Adnan v. Santa Clara Cnty. Dep't of Corr., 4:02-CV-03451, 2002 WL 32058464, at *7 (N.D. Cal. Aug. 15, 2002) (pretrial detainee deprived of classification hearing and never given opportunity to challenge evidence used to justify restrictive conditions stated plausible procedural due process claim). Accordingly, the court in an

order issued this date has directed Stile to amend the petition to show whether he has remained subject to restrictive conditions of confinement at the SCHC, whether he has had any opportunity to challenge the imposition of such conditions or his classification at the SCHC, and the results, if any, of such review of his confinement conditions and/or classification at the SCHC.

IV.   State Administrative Regulations (Claim 3)

Claim 3 asserts that respondents failed to comply with NHDOC regulations with respect to Stile's placement in segregation and his maximum security classification.  The SCHC, however, is not owned or operated by the NHDOC, the NHDOC regulations do not apply to that Strafford County facility, and no other respondent in this case is a state agency subject to NHDOC regulations.  Moreover, § 2241 does not authorize federal habeas relief where the petitioner asserts that his confinement violates a state rule or regulation.  See 28 U.S.C. § 2241(c)(2).  Accordingly, the court should dismiss Claim 3.

## Conclusion

For the foregoing reasons, Claim 3 in Stile's § 2241 petition should be dismissed.  In an order this date, the court has directed Stile to amend the petition as to Claims 1 and 2.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                    _____
                                    Landya McCafferty
                                    United States Magistrate Judge

August 7, 2013

cc: James Stile, pro se

LBM:nmd