UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>James Stile</u>

 v.              Civil No. 13-cv-071-PB

<u>Bruce Pelkie, Superintendent,</u>
<u>Strafford County House of Corrections,</u>
<u>and David L. Cargill, Jr., United States Marshal</u>
<u>for the District of New Hampshire</u>

**<u>REPORT AND RECOMMENDATION</u>**

 Before the court for a preliminary review is pro se petitioner James Stile's petition for a writ of habeas corpus (doc. no. 1) filed pursuant to 28 U.S.C. § 2241, and Stile's response (doc. no. 8) to this court's August 7, 2013, order (doc. no. 5) directing Stile to provide the court with certain information. The matter is before the court to determine whether the petition is facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); <u>see also</u> § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions filed under § 2241).

 Stile is a federal criminal defendant in the custody of the United States Marshals Service ("USMS") in pretrial detention at the Strafford County House of Corrections ("SCHC") in Dover, New

Hampshire, awaiting further proceedings in a criminal case in the District of Maine, United States v. Stile, No. 1:11-cr-00185-JAW (D. Me.).  The claims asserted in Stile's § 2241 petition arise from incidents that occurred after January 15, 2013, the date USMS personnel transferred Stile to the SCHC from the Cumberland County Jail in Portland, Maine.

   On August 7, 2013, this court ordered Stile to report on the current status of his conditions of confinement.  See Order (doc. no. 5).  Stile alleges that from January 15 until February 25, 2013, and from June 21 until June 26, 2013, he was housed at the SCHC in maximum security, without a hearing.  Stile further alleges that although he was afforded neither a routine review of his classification, nor a disciplinary board hearing, he met with the SCHC superintendent on June 26, 2013, to explain why he should be returned to the general population.  Stile asserts that following that meeting, SCHC officials returned him to the general population, where he is currently housed.

   This court has jurisdiction under 28 U.S.C. § 2241, to order a federal pretrial detainee released into the general population when the current conditions of his confinement are unconstitutional.  Cf. Crooker v. Grondolsky, No. CIV.A. 12-12024-RGS, 2012 WL 5416422, at *1 (D. Mass. Nov. 1, 2012) ("habeas can be utilized to challenge the 'fact, duration or

degree' of confinement but not a condition of confinement, such as inadequate medical care" (quoting Kamara v. Farquharson, 2 F. Supp. 2d 81, 89 (D. Mass. 1998)).  Because Stile is no longer held in maximum security conditions and is currently housed in the general population in medium security at the SCHC, however, this court lacks jurisdiction under 28 U.S.C. § 2241 to grant relief.

To the extent Stile's petition could be characterized as an inartfully styled civil rights action, the court should decline to do so, in light of the case's preliminary stage, and the requirement that a prisoner filing a civil rights action must generally pay the $400 filing fee for a civil case, unless a motion to proceed in forma pauperis has been granted.  See 28 U.S.C. § 1915(a)(2).  No such motion has been filed in this case, and Stile has not responded to the court's October 21, 2013, Order (doc. no. 9) requiring him to file an amended complaint by November 4, 2013.  Accordingly, the court should dismiss the instant petition for lack of jurisdiction, without prejudice to Stile's ability to file a civil rights complaint.[1]

## Conclusion

---

[1]This court expresses no opinion at this time regarding whether Stile may be able to state plausible claims under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971).

For the foregoing reasons, and for reasons stated in the August 7, 2013, report and recommendation (doc. no. 4), which this court approved, see Order (doc. no. 9), the district judge should dismiss the § 2241 petition in its entirety for lack of jurisdiction.  The dismissal should be without prejudice to Stile's ability to refile his claims in a civil rights complaint.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                                              _____
                                                                              Landya McCafferty
                                                                              United States Magistrate Judge

November 13, 2013

cc: James Stile, pro se

LBM:nmd